Jason Davis
SBN224250
THE DAVIS LAW FIRM
27201 Puerta Real, Suite 300
Mission Viejo, California 92562
T: 949-310-0817
F: 888-624-GUNS
E: Jason@CalGunLawyers.com
Attorney for Plaintiffs
KYLE JARED HILTON

UNITED STATES DISTRICT COURT FOR

FOR THE SOUTHERN DISTRICT COURT OF CALIFORNIA

KYLE JARED HILTON,

Plaintiff,

vs.

UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE, PAM BONDI, individually and as Attorney General of the United States, THE FEDERAL BUREAU OF INVESTIGATION; KASH PATEL, individually and as Director of the Federal Bureau of Investigation.

Defendant(s)

Case No.: No. '25CV2045 BEN VET

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 18 U.S.C. § 925A

Now comes Plaintiff KYLE JARED HILTON, by his attorney JASON DAVIS of THE DAVIS LAW FIRM, pursuant to the provisions of 18 U.S.C. § 925A, seeking an order that a firearm transfer be approved. He also seeks a declaratory judgment that he is not prohibited from possessing a firearm or ammunition under federal law. For a Complaint, he shows the Court the following:

**VENUE AND JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this lawsuit is based upon the provisions of federal statute 18 U.S.C. § 925A(2), which provides a remedy for erroneous denial of firearm transfers. Mr. Hilton's request for a declaratory judgment is proper pursuant to 28 U.S.C. § 2201, which provides for declaratory judgment actions in federal matters.

2. The Southern District of California is the proper venue for this lawsuit as to the Defendant United States of America, pursuant to 28 U.S.C. § 1391(e)(1) because the substantial part of the events and omissions giving rise to this claim occurred in the Southern District of California and no real property is involved in the action.

**PARTIES**

3. Plaintiff Kyle Jared Hilton ("Mr. Hilton") is a natural person having a principal residence at 488 Locust St. N., Twin Falls, Idaho, 83301. Mr. Hilton wishes to acquire firearms. Mr. Hilton is prevented from doing so due to the unnecessarily broad federal firearm ban and the lack of forum to seek action regarding the denial of his Second Amendment rights under federal law. Defendants prevented him from owning or possessing a firearm based an alleged mental health "commitment." Plaintiff has in fact been unable to purchase or possess a firearm and fears arrest, criminal prosecution, incarceration, and fines if he were to do so.

4. Defendant United States of America, is a sovereign nation.

5. Defendant Attorney General Pam Bondi ("Bondi") heads the United States Department of Justice ("Department of Justice"), which is the U.S. agency responsible for the enforcement of federal criminal laws. Defendant Bondi, in her capacity as Attorney General, is presently enforcing the unconstitutionally broad ban complained of in this Complaint. Defendant Bondi also has ultimate authority for supervising all the functions of the Department of Justice and of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), which is an arm of the Department of Justice.

6. Defendant Department of Justice is the agency principally enforcing the unconstitutionally broad prohibition under 18 U.S.C. § 922 (2006) preventing Plaintiff from obtaining a firearm.

7. The events giving rise to Mr. Hilton's detention pursuant to California Welfare and Institutions Code section 5150 occurred within the Southern District of California, specifically in San Diego County, where Mr. Hilton was taken into custody on or about November 15, 2015, for a 72-hour evaluation, and where the underlying criminal case was filed.

8. Defendant Federal Bureau of Investigation ("FBI") is an agency of the Department of Justice and is the agency primarily responsible through its NICS Section of performing background checks for federal, state, and local law enforcement authorities. Defendant FBI's NICS Section is responsible in this case for determining that Plaintiff was prohibited from acquiring a firearm by the unconstitutionally broad ban complained of in this action. Defendant FBI is presently enforcing the laws, customs, practices, and policies complained of in this action.

9. Defendant Kash Patel is the Director of the FBI and, in that capacity, is presently enforcing the laws, customs, practices, and policies complained of in this action.

## FACTS

10. On August of 2019, Mr. Hilton submitted an application to carry a firearm with the State of Idaho.

11. On September 4, 2019, Mr. Hilton was denied his application to carry a firearm on the basis that he was a "prohibited possessor under federal law in accordance with the United States Code Title 18, Section 922(g)(4).

12. United States Code Title 18, Section 922(g)(4) states that: "[i]t shall be unlawful for a person who has been adjudicated as a mental defective or who has been committed to a mental institution to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

13. Mr. Hilton has never been adjudicated a mental defective.

14. Mr. Hilton has never been committed to a mental institution.

15. On March 1, 2023, Mr. Hilton's counsel submitted a Voluntary Firearm Appeal request to the FBI CJIS Division requesting that Mr. Hilton be placed on the Voluntary Appeal File on the basis that he was improperly denied an application to carry because he was classified as a prohibited possessor in accordance with the United States Title 18 Section 922(g)(4).

16. This request went without a response.

17. On August 8, 2023, Mr. Hilton's counsel submitted a follow-up letter to the FBI CJIS Division regarding the lack of a response to the Voluntary Appeal File Application.

18. To determine whether the underlying incorrect prohibition had been corrected, on November 22, 2023, Kyle Jared Hilton applied to purchase, acquire, and possess a firearm under federal law from a federally licensed firearms dealer. Because the sporting goods shop was a licensed federal firearms dealer, it required Mr. Hilton to submit to a background check using ATF Form 4473.

19. The NICS transaction number assigned to Form 4473 application was 1033YD0C1.

20. Subsequently, Mr. Hilton was denied the transfer of the firearm he had attempted to purchase,

21. After submitting his Form 4473, Mr. Hilton, by and through his counsel, received a letter dated November 21, 2023, the Department of Justice, Federal Bureau of Investigations responded by stating that Mr. Hilton's record "contains information that falls under the following category: Title 18, United States Code (U.S.C.), 922(g)(4): [a] person who has been adjudicated a mental defective or who has been committed to a mental institution."

22. Again, Mr. Hilton has never been adjudicated a mental defective.

23. Mr. Hilton has never been committed to a mental institution.

/ / /

/ / /

24. The November 21, 2023, letter from the Department of Justice, Federal Bureau of Investigations goes on to state [p]lease note that this standard may be met in a number of ways, including but not limited to:

- A formal ruling by a Court or other proper authority that an individual either lacks mental capacity to manage his or her own affairs or is a danger to self or others, due to mental illness, incompetency, condition or disease, or very low intelligence.
- A finding, by a Court or jury, that an individual was not guilty of a criminal charge due to mental incapacity or infirmity, or that the individual was guilty but mentally ill, or that such charge against the individual should be dismissed for mental health reasons.
- An order of a Court or other proper authority directing an individual to receive treatment for a mental health condition, whether inpatient or outpatient, which for purposes of this statute constitutes being "committed to a mental institution." In addition, please note that your agreement to the entry of any such order, ruling, or finding would not make the 18 U.S.C. §922(g)(4) prohibitor invalid.

(Id.)

25. Mr. Hilton has never been subjected to a formal ruling by a Court or other proper authority that an individual either lacks mental capacity to manage his or her own affairs or is a danger to self or others, due to mental illness, incompetency, condition or disease, or very low intelligence.

26. Mr. Hilton has never been subjected to a finding, by a Court or jury, that he was not guilty of a criminal charge due to mental incapacity or infirmity, or that he was guilty but mentally ill, or that such charge against him should be dismissed for mental health reasons.

27. Mr. Hilton has never been subjected to an order of a Court or other proper authority directing him to receive treatment for a mental health condition, whether inpatient or outpatient.

28. However, on or about November 15, 2015, Mr. Hilton was detained for a period of up to 72 hours pursuant to Welfare and Institutions Code section 5150, which states, in part, that

"[w]hen a person, as a result of a mental health disorder, is a danger to others, or to themselves, or gravely disabled, a peace officer, professional person in charge of a facility designated by the county *for evaluation and treatment*, member of the attending staff, as defined by regulation, of a facility designated by the county *for evaluation and treatment*, designated members of a mobile crisis team, or professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody for a period of up to 72 hours *for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment* in a facility designated by the county for evaluation and treatment and approved by the State Department of Health Care Services."

29. On November 18, 2015, Mr. Hilton was released from the California Welfare and Institutions section 5150 hold.

30. A detention pursuant to California Welfare and Institutions Code section 5150 does not involve any hearing or prior findings.

31. California Welfare and Institutions Code section 5331 states that "[n]o person may be presumed to be incompetent because he or she has been evaluated or treated for mental disorder or chronic alcoholism, regardless of whether such evaluation or treatment was voluntarily or involuntarily received."

32. A detention pursuant to California Welfare and Institutions Code section 5150 is not a federal firearms prohibitor pursuant 18 U.S.C. section 922(g)(4).

33. Mr. Hilton's detention under California Welfare and Institutions Code section 5150 involved no judicial process, hearing, or court order. It was initiated solely by a peace officer or designated professional based on probable cause, lasted no longer than 72 hours, and concluded with his release on November 18, 2015, without any adjudication or commitment to a mental institution.

/ / /

/ / /

34. However, Mr. Hilton was subjected to a 5-year State of California ban on the possession of firearms within California that was automatically implemented upon admission pursuant to Welfare and Institutions Code section 8103, which expired on November 18, 2020.

35. The November 21, 2023, letter from the Department of Justice, Federal Bureau of Investigations does not state any other reason for the denial, other than 18 U.S.C. section 922(g)(4).

36. The Ninth Circuit has held that a detention under California Welfare and Institutions Code section 5150, absent a judicial order or involuntary commitment beyond the initial evaluation period, does not constitute a 'commitment to a mental institution' under 18 U.S.C. § 922(g)(4). See Mai v. United States, 952 F.3d 1106 (9th Cir. 2020). Mr. Hilton's 72-hour hold aligns with this precedent, rendering the Defendants' application of § 922(g)(4) erroneous.

37. Defendants may contend that Mr. Hilton's involuntary detention under California Welfare and Institutions Code section 5150 constitutes a 'commitment to a mental institution' under 18 U.S.C. § 922(g)(4). However, federal law requires a formal process, such as a judicial hearing or order, to meet this threshold, which is absent here. See 27 C.F.R. § 478.11 (defining 'committed' as requiring a court or lawful authority's formal action). A temporary evaluation hold, authorized solely by a peace officer or designated professional without judicial oversight, falls short of this standard, as confirmed by Mai v. United States, 952 F.3d 1106 (9th Cir. 2020).

38. The November 21, 2023, letter from the Department of Justice, Federal Bureau of Investigations goes on to state that "The FBI has been advised that the California Penal Code, section 1203.4 (or 1203.4a) does not "expunge" the prior conviction and does not restore an individuals right to own, possess, or have in his or her custody any firearm. Therefore, for firearm purposes, the date of arrest, January 9, 2016, continues to be considered a conviction."

39. Mr. Hilton, while he was still under the 5-year State of California prohibition from possessing firearms Pursuant to California Welfare and Institutions Code section 8103, he was arrested on January 9, 2016, for being a Prohibited Person in possession of a firearm.

40. On or about April 15, 2016, Mr. Hilton was Convicted of a felony violation of Penal Code section 8103(f) and sentenced to 1 day in jail. Case number SCD265129. But, on or about October 16, 2017, that Mr. Hilton's felony conviction was reduced to a misdemeanor pursuant to California Penal Code section 17(b) "for all purposes."

41. On or about April 15, 2016, as part of sentencing for the misdemeanor conviction under California Welfare and Institutions Code section 8103(f) (Case No. SCD265129), the criminal court ordered Mr. Hilton to take any unspecified medication prescribed by his current doctor as a condition of probation. This order, imposed for a one-year probation term ending April 14, 2017, involved no confinement to a mental institution, no judicial hearing on Mr. Hilton's mental health status, and no finding that he was a danger to himself or others or lacked capacity to manage his affairs due to mental illness. Upon completion of probation, the order expired and has not been renewed.

42. Defendants may assert that the April 15, 2016, court order requiring Mr. Hilton to take prescribed medication constitutes a 'commitment to a mental institution' or an 'adjudication as a mental defective' under 18 U.S.C. § 922(g)(4). This argument fails, as the order involved no institutional confinement and thus does not meet the definition of 'commitment' under 27 C.F.R. § 478.11, which requires a formal court-directed placement in a mental institution. Nor does it qualify as an 'adjudication as a mental defective,' absent any judicial determination of danger or incapacity due to mental illness, as required by the same regulation. Federal courts have consistently distinguished such outpatient conditions from the statutory prohibitions. See, e.g., United States v. Giardina, 861 F.2d 1334 (5th Cir. 1988) (temporary observation not a commitment); Mai v. United States, 952 F.3d 1106 (9th Cir. 2020) (no commitment without formal process).

43. The November 21, 2023, letter from the Department of Justice, Federal Bureau of Investigation erroneously references California Penal Code section 1203.4, which governs expungement, as inapplicable to restoring firearm rights. However, Mr. Hilton's relief stems

from California Penal Code section 17(b), which reduced his conviction to a misdemeanor 'for all purposes,' a distinct legal mechanism that removes the federal felony prohibition under 18 U.S.C. § 921(a)(20)(B), not § 1203.4.

44. Although the Second Amendment to the United States Constitution guarantees the right of an individual to keep and bear arms for self-defense (District of Columbia v. Heller, 554 US 570 (2008)), any person who has committed a felony is ineligible to possess or to purchase a firearm through a licensed dealer. 18 U.S.C. § 922(g)(1) (2022).

45. However, as a result of the Mr. Hilton's California Penal Code section 17(b) reduction to his 8103(f) conviction, the April 15, 2016, conviction for 8103(f) of the California Welfare and Institutions Code is not a felony for any purpose, including 18 U.S.C. section 922(g)(1).

46. Following the reduction of Mr. Hilton's conviction under California Welfare and Institutions Code section 8103(f) to a misdemeanor pursuant to California Penal Code section 17(b) on October 16, 2017, the offense became punishable by a maximum of one year in county jail, consistent with California misdemeanor penalties and falling below the two-year threshold for a federal firearm prohibition under 18 U.S.C. § 921(a)(20)(B).

47. Mr. Hilton has no such convictions that would render him prohibited pursuant to Title 18, United States Code, Sections 921, et seq.

48. New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022) requires restrictions on Second Amendment rights to be consistent with historical tradition. Any prohibition against Mr. Hilton, under these facts, would paint § 922(g)(4) application as overly broad and in violation of Second Amendment to the United States Constitution.

49. In denying Mr. Hilton's application to purchase a firearm and in refusing to approve his Voluntary Appeal File request, Defendants have denied my client free exercise of his right to keep and bear arms as is codified under the Second Amendment to the United States Constitution.

/ / /

50. Since his release from the Welfare and Institutions Code section 5150 hold on November 18, 2015, and the reduction of his misdemeanor conviction on October 16, 2017, Mr. Hilton has not been subject to any mental health adjudications, commitments, felony convictions, or other events that would prohibit him from possessing firearms under federal law. The Defendants' ongoing reliance on these incidents, which were resolved over six years before his November 22, 2023, firearm application and more than a decade ago, has no basis in current fact or law.

51. Instead, the Department of Justice and Federal Bureau of Investigation should have instructed the dealer to “proceed” with the transaction since the information “did not demonstrate that the transfer of the firearm would violate federal or state law,” as required by Section 25.2 of Title 28 of the Code of Federal Regulations.

## GENERAL ALLEGATIONS

### CLAIM 1: Action for Wrongful Denial of a Firearm Purchase (18 U.S.C. §925A) Against All Defendants

52. Mr. Hilton incorporates by reference paragraphs 1 – 51 as though fully restated herein.

53. The erroneous information leading to Mr. Hilton’s firearm transfer denial originates from either the State of California’s reporting of the 2015 Welfare and Institutions Code section 5150 detention, the State’s reporting of the April 15, 2016, court-ordered medication condition misinterpreted as a commitment, or the Federal Bureau of Investigation’s misinterpretation of these events as prohibitions under 18 U.S.C. § 922(g)(4), as reflected in the NICS determination communicated on November 21, 2023.

54. Mr. Hilton was denied a firearm pursuant to 18 U.S.C. section 922(s) or (t) due to the provisions of erroneous information relating to the person by any State or political subdivision thereof, or by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Protection Act and brings this action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that

the erroneous information be corrected or that the transfer be approved, as the case may be. See 18 U.S.C. §925A(1).

55. Mr. Hilton was denied a firearm pursuant to subsection (s) or (t) of section 922 and was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of section 922, brings this action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States, as the case may be, for an order directing that the erroneous information be corrected or that the transfer be approved, as the case may be. See 18 U.S.C. §925A(2).

56. Because Mr. Hilton has not been convicted of a crime that would prohibit him from possessing a firearm, has never been adjudicated a mental defective, and has never been committed to a mental institution, the denial of the transfer of the firearm was in error as was the denial of the Voluntary Appeal File request.

57. Defendants continue to unlawfully and erroneously deny him the right to acquire firearms.

58. Defendants continually deny Plaintiff his right to keep and bear arms by failing to protect his interests through proper and corrective measured to his criminal record.

59. The Supreme Court has clarified that restrictions on the Second Amendment right to keep and bear arms must be consistent with the Nation's historical tradition of firearm regulation. <u>See New York State Rifle & Pistol Ass'n v. Bruen</u>, 597 U.S. 1 (2022). Applying 18 U.S.C. § 922(g)(4) to Mr. Hilton's temporary evaluation hold, without historical analogue, impermissibly infringes his constitutional right as recognized in <u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008).

## <u>DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF ALLEGATIONS</u>

60. Paragraphs 1-60 are realleged and incorporated by reference.

61. There is an actual and present controversy between the parties. Mr. Hilton contends that Defendants' denial of his ability to purchase a firearm infringes on his right to keep and bear

arms under the Second and Fourteenth Amendments to the United States Constitution, by imposing upon him a restriction which is imposed upon those convicted of a felony crime or whom suffers from prohibiting factors related to mental illness, classes of which he is not.

62. Defendants' failure to respond to Mr. Hilton's Voluntary Firearm Appeal request, submitted on March 1, 2023, and followed up on August 8, 2023, constitutes a denial of procedural due process under the Fourteenth Amendment. This lack of a meaningful opportunity to correct the erroneous NICS record violates the standards set forth in Mathews v. Eldridge, 424 U.S. 319 (1976), exacerbating the infringement of his Second Amendment rights.

63. Mr. Hilton contends that there has been a violation of his right to due process by the Defendants' failure to properly interpret his criminal record to read the conviction listed thereon as a non-disqualifying misdemeanor and to read his mental health records as non-disqualifying records.

64. Defendants have permitted other California residents subjected to Welfare and Institutions Code section 5150 detentions, without subsequent judicial commitment or adjudication, to purchase firearms, while denying Mr. Hilton the same right, despite his identical lack of prohibiting factors under 18 U.S.C. § 922(g)(4). This disparate treatment violates Mr. Hilton's right to equal protection under the Fourteenth Amendment.

65. Mr. Hilton has exhausted all administrative remedies to correct the mistakes in his criminal record by submitting numerous letters, providing detailed information and evidence to support his purchase, and filing appeals. None of these reasonable efforts have resulted in Defendants properly correcting their records or properly interpreting their records.

66. Plaintiff further contends that he has been denied equal protection under the law by the Defendants, acting under color of law, in the refusal to correct his criminal record to show the proper disposition of his misdemeanor conviction, or, in the alternative, to interpret his criminal record in a manner consistent with state law and as it is interpreted as to other California residents with similar convictions. The Defendants' denial of equal protection under the law to

Mr. Hilton has infringed upon Plaintiff's ability to exercise his Second Amendment right to keep and bear arms. Defendants deny these contentions. Mr. Hilton desires a judicial declaration that the actions of Defendants, and each of them, have violated the constitutional rights of Plaintiff.

67. Defendants' arbitrary classification of Mr. Hilton as a prohibited person, despite his lack of qualifying mental health or criminal history under 18 U.S.C. § 922(g), bears no rational relationship to a legitimate governmental interest, violating his right to equal protection under the Fourteenth Amendment. This disparate treatment, compared to similarly situated individuals not denied firearm rights, compounds the infringement of his fundamental Second Amendment rights, subjecting him to heightened scrutiny under New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022).

68. If not enjoined by the Court, Defendants will continue to deny Plaintiff his constitutional rights and continue to deny him the ability to purchase a firearm as such denial is defined under 18 U.S.C. § 925A.

**PRAYER FOR RELIEF**

1. Because of the inaction on behalf of Defendants to correct Plaintiff's criminal records, or to properly interpret them, Mr. Hilton seeks an injunction preventing Defendants from continuing to represent to firearms dealers that Plaintiff is prohibited from purchasing a firearm.

2. Because Mr. Hilton is not prohibited from possessing a firearm or ammunition, he seeks an order that his attempted transfer on November 22, 2023, be approved, pursuant to 18 U.S.C. § 925A, and that his Voluntary Appeal File application be granted.

3. Declare that Mr. Hilton's application to purchase a firearm was denied in error.

4. Declare that Mr. Hilton's application to purchase a firearm was denied based upon erroneous information.

5. Declare that the denial based upon 18 U.S.C. § 921, et seq., its derivative regulations, and all related laws, policies, and procedures violate Mr. Hilton's Due Process and Equal Protection

rights under the Fourteenth Amendment to the United States Constitution, and his right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

6. Award Mr. Hilton costs and attorney's fees and expenses to the extent permitted under 18 U.S.C. §925A and/or 28 U.S.C. § 2412.

7. Order Defendants to correct the National Instant Criminal Background Check System record to reflect that Mr. Hilton is not prohibited under 18 U.S.C. § 922(g)(4) or any other provision, based on his 2015 Welfare and Institutions Code section 5150 detention or his reduced misdemeanor conviction under Welfare and Institutions Code section 8103(f).

8. Declare that a court order to take medication prescribed by a doctor, imposed as a probation condition without confinement to a mental institution or adjudication of mental defectiveness, does not prohibit Mr. Hilton from possessing firearms under 18 U.S.C. § 922(g)(4).

9. Declare that a detention under California Welfare and Institutions Code section 5150, without judicial adjudication or commitment, does not constitute a prohibition under 18 U.S.C. § 922(g)(4).

10. Compel the Federal Bureau of Investigation to process and approve Mr. Hilton's Voluntary Appeal File request, submitted March 1, 2023, pursuant to 5 U.S.C. § 706(1).

11. Grant such other and further relief as the Court deems just and proper.

Dated: August 8, 2025.

/s/ Jason Davis
Jason Davis
ATTORNEY FOR KYLE HILTON

/ / /

/ / /

/ / /

/ / /

**ATTESTATION OF ELECTRONIC SIGNATURES**

I, Jason Davis, attorney for Mr. Hilton, hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: August 8, 2025

/s/ Jason Davis
JASON DAVIS
ATTORNEY FOR KYLE HILTON